CARL TESKE, APPELLEE, V. MARTHA DITTBERNER ET AL.,
APPELLANTS.*

FILED JANUARY 8, 1902.  No. 10,901.

Commissioner's opinion, Department No. 3.

Deed: ORAL AGREEMENT: VOID. An alleged oral agreement between a
son and his parents that upon the death of the latter he shall
become vested with the title to the family homestead in consid-
eration of his carrying on the business of the parents and pro-
viding them with a home and maintenance, is void.

APPEAL from the district court for Madison county.
Heard below before ROBINSON, J. *Reversed.*

*William V. Allen* and *Willis E. Reed,* for appellants.

*McKillip & McAllister, F. M. Cookingham* and *Reeder
& Hobart, contra.*

AMES, C.

This is an appeal from a judgment of the district court
for Madison county. The action was tried before a referee,
who reported the facts as follows:

"First. That the plaintiff Carl Teske, is the son of the
defendant, Frederick Teske, and the brother of the de-
fendant, Martha Dittberner; that the defendant, Martha
Dittberner, is the youngest daughter of the defendant,
Frederick Teske, and wife of the defendant, Frederick
Dittberner.

"Second. The defendant Frederick Teske, and his wife
settled upon the northwest quarter of section twenty-four,
township twenty-one, range two west, in Madison county,
Nebraska, and acquired title thereto in the year 1873, that
ever since said date up to December, 1896, they lived upon
said premises occupying the same as their home; that in
December, 1896, the wife of said Frederick Teske died;

*Rehearing allowed. Judgment below modified. Further rehear-
ing allowed.

that the said Frederick Teske continued to make his home with the plaintiff until March, 1897, when he left his home without cause and took up a residence with his daughter, Martha.

"Third. That in January 1893, the defendant, Frederick Teske, and his wife entered into an oral agreement with the plaintiff, Carl Teske, whereby the said Carl Teske was to remain on the premises in controversy, pay the taxes, keep up the place and improve it, and provide a home, board, clothing and spending money for the said Frederick Teske and his wife so long as they should live. If either the said Frederick Teske or his wife should desire to leave the home to be provided by plaintiff, then they were to receive $100 each per year in lieu of the above provisions relative to their support. In consideration of the performance of the above conditions, the said Carl Teske, plaintiff, was to have the home place, of which the premises in controversy were a part, at the death of the said Frederick Teske and his wife, and was to pay each of his three sisters the sum of one thousand dollars.

"Fourth. That the said Carl Teske up to March, 1897, at the time the defendant Frederick Teske left the home place, had performed all the conditions of the said contract, and stood ready to perform the conditions of said contract ever since.

"Fifth. That at the request of the defendant Frederick Teske and his wife, and in anticipation of that part of the contract providing for the payment of one thousand dollars to each of his sisters at the death of the said Frederick Teske and his wife, the said plaintiff, Carl Teske, on the 28th day of July, 1893, conveyed to Gustina Teske, his sister, the northeast quarter of section twenty-seven, township twenty-two, north, range one in Madison county, Nebraska.

"Sixth. That on the 9th day of March, 1897, the said Frederick Teske conveyed the northwest quarter of section twenty-four, township twenty-one, range two, west,—being the premises in controversy,—to his daughter, the defend-

ant, Martha Dittberner, and that said conveyance was without consideration.

It is not disputed that during all the time mentioned in the report the premises in controversy were the homestead of Frederick Teske and his wife also, until her death, in December, 1896. Within about sixty days after her decease the father, on account of differences with his son, the appellee, withdrew from the premises to the residence of his daughter, the appellant Martha Dittberner, and conveyed them to her by a deed, which was shortly afterwards made of record. The alleged oral agreement seems to have been repudiated by the father at or before the death of his wife, and never subsequently to have been ratified or renewed by him. The action is for a specific performance, and to compel a conveyance of the land by Martha and her husband to the plaintiff. A decree to that effect was rendered by the district court, from which this appeal was. taken.

It seems to us too clear to admit of argument or to re- quire discussion that this decree can not be affirmed. In the light of the statute relative to homesteads, the mere statement of the contrary proposition is its own refuta- tion. If the alleged oral agreement could be enforced, the provision of the statute (Compiled Statutes, ch. 36, sec. 4) that "the homestead of a married person can not be conveyed or encumbered unless the instrument by which it is conveyed or encumbered is executed and acknowl- edged by both husband and wife," would. be explicitly nega- tived and annulled. If the statute requires fortification by judicial opinion, it is well buttressed by the decisions of this court in *Larson v. Butts,* 22 Nebr., 370, and *Clarke v. Koenig,* 36 Nebr., 572. There are several other reasons, to our minds equally clear, why specific performance of the alleged contract in suit can not be decreed; but in view of the foregoing their discussion and decision are unneces- sary. The father is still living, and the appellee has no standing in court from which to inquire into the considera- tion or validity of the conveyance to the daughter.

43

It is recommended that the judgment of the district court be reversed and the action dismissed.

DUFFIE and ALBERT, CC., concur.

By the Court: For reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the action dismissed.

REVERSED AND DISMISSED.